UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREG BUJAK,

    Plaintiff,

v.                                      CASE NO. 8:08-CV-1382-T-17-EAJ

NATIONAL CITY MORTGAGE, etc.,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant's motion to dismiss the second amended, (Docket No. 21) and response thereto (Docket No. 25). The second amended complaint filed in this case is essentially identical to the second amended complaint filed in ***Leland v National City Mortgage***, Case No. 8:08cv1384-T-26, with the exception that the complaint in Leland alleged four counts while this case alleged only three counts. The counts in the instant case are: Count I- rescission of note and mortgage; Count II-fraud; and Count III-breach of fiduciary duty.

II. Standard of Review

A district court should not dismiss a complaint unless it appears, "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45 (1957). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. See Blumer v. Mylander, 919 F. Supp. 423, 425 (M.D. Fla. 1996). At a minimum, the Federal Rules of Civil Procedure require a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests." See Conley, 355 U.S. at 47 (quoting Fed. R. Civ. P. 8(a)(2)).

In deciding a motion to dismiss, the court may only examine the four corners of the plaintiff's complaint. See Rickman v. Precisionaire, Inc., 902 F. Supp. 232, 233 (M.D.Fla. 1995). "The threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." Ancata v. Prison Health Serv., Inc., 769 F.2d 700, 703 (11th Cir. 1985) (citation omitted). In addition, a court must accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. See Howery v. Nisus, Inc., 910 F. Supp. 576 (M.D.Fla. 1995). However, when on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. See Executive 100, Inc. v. Martin County, 922 F.2d 1536 (11th Cir. 1991).

III. Discussion

The Court has reviewed the second amended complaint in light of the pending motion to dismiss and the ruling in the Leland case on essentially identical issues. The Court finds it agrees with the ruling in the Leland case and the argument of the motion as to the third count, breach of fiduciary duty, and the ruling in Leland and the argument of the response as to counts I and II. Accordingly, it is

CASE NO. 8:00-CV-128-T-17A

**ORDERED** that motion to dismiss the second amended complaint (Docket No. 21) be **granted** as to Count III and the claim for breach of fiduciary duty be dismissed; and, further, the motion to dismiss be **denied** in all other respects. The defendant has ten days from this date to answer the second amended complaint.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 23rd day of January, 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record